

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA        )
                                )
        v.                      )        Criminal No. 3:15CR016 (JAG)
                                )
HEATHER ELIZABETH COFFMAN,      )
                                )
        Defendant.              )

## PLEA AGREEMENT

Dana J. Boente, United States Attorney for the Eastern District of Virginia; Michael R. Gill and Jessica D. Aber, Assistant United States Attorneys; the defendant, HEATHER ELIZABETH COFFMAN; and the defendant's counsel have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

### 1.     Offense and Maximum Penalties

The defendant agrees to waive indictment and plead guilty to a one-count criminal information charging the defendant with a False Statement Involving International Terrorism, in violation of Title 18, United States Code, Section 1001(a). The maximum penalties for this offense are a maximum term of 8 years of imprisonment, a fine of $250,000, a special assessment, and 3 years of supervised release. The defendant understands that this supervised release term is in addition to any prison term the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

2.     **Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

3.     **Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

      a.     the right to plead not guilty and to persist in that plea;

      b.     the right to a jury trial;

      c.     the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings; and

      d.     the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

4.     **Role of the Court and the Probation Office**

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above but that the Court will determine the defendant's actual sentence in accordance with 18 U.S.C. § 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing

2

range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant

may have received from the defendant's counsel, the United States, or the Probation Office, is a

prediction, not a promise, and is not binding on the United States, the Probation Office, or the

Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543

U.S. 220 (2005), the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may

impose a sentence above or below the advisory sentencing range, subject only to review by

higher courts for reasonableness. The United States makes no promise or representation

concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty

plea based upon the actual sentence.

Further, in accordance with Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure,

the United States and the defendant will recommend to the Court that the following provisions of

the Sentencing Guidelines apply:

    a.  the applicable guidelines provision for the 18 U.S.C. § 1001(a) offense is USSG § 2J1.2;

    b.  the base offense level is 14 under USSG § 2J1.2(a);

    c.  under USSG § 2J1.2(b)(1)(C), because (i) the defendant was convicted under 18 U.S.C. § 1001; and (ii) the statutory maximum term of eight years' imprisonment applies because the matter relates to international terrorism, the offense level is increased by 12 levels; and

    d.  the defendant should receive a 3-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. This recommendation will remain in effect provided the defendant does not do anything inconsistent with full acceptance of responsibility prior to sentencing.

The defendant acknowledges that, while the United States agrees to make the above recommendations to the Court at sentencing, those recommendations are not binding on the Court. Both parties agree to not move for an upward or downward departure or variance from the final sentencing guideline range determined by the Court at sentencing, except as contemplated by any written agreement between the parties.

5.      **Waiver of Appeal, FOIA and Privacy Act Rights**

The defendant also understands that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

6.      **Special Assessment**

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of one hundred dollars ($100.00) per count of conviction.

7.      **Payment of Monetary Penalties**

The defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate

4

enforcement by the United States as provided for in Section 3613. Furthermore, within 14 days of a request, the defendant agrees to provide all of the defendant's financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination and/or complete a financial statement under penalty of perjury. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to voluntarily participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

8.     **Immunity from Further Prosecution in this District**

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the information or statement of facts.

9.     **Breach of the Plea Agreement and Remedies**

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

a.     The United States will be released from its obligations under this agreement, including any obligation to seek a downward departure or a

reduction in sentence. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

b.   The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

c.   Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence.

6

10.   **Nature of the Agreement and Modifications**

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

DANA J. BOENTE
United States Attorney

By: _Michael Gill_

Michael R. Gill
Assistant United States Attorney

_Jessica D. Aber_

Jessica D. Aber
Assistant United States Attorney

7

Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal information. Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: _2/2/15_

HEATHER ELIZABETH COFFMAN
Defendant

Defense Counsel Signature: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending information. Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: _2/2/15_

Mary E. Maguire, Esq.
Carolyn V. Grady, Esq.
Counsel for the Defendant

8

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
|---|---|
| CRIM. ACTION NO.: | 3:15cr016 |
| DEFENDANT'S NAME: | Heather Elizabeth Coffman |
| PAY THIS AMOUNT: | $100 |

INSTRUCTIONS:

1. **MAKE CHECK OR MONEY ORDER PAYABLE TO:**
   *CLERK, U.S. DISTRICT COURT*

2. **PAYMENT MUST REACH THE CLERK'S OFFICE BEFORE YOUR SENTENCING DATE**

3. **PAYMENT SHOULD BE SENT TO:**

| | In person (9 AM to 4 PM) | By mail: |
|---|---|---|
| **Alexandria cases:** | | **Clerk, U.S. District Court**<br>**401 Courthouse Square**<br>**Alexandria, VA 22314** |
| **Richmond cases:** | | **Clerk, U.S. District Court**<br>**701 East Broad Street, Suite 3000**<br>**Richmond, VA 23219** |
| **Newport News cases:** | | **Clerk, U.S. District Court**<br>**2400 West Ave, Ste 100**<br>**Newport News, VA 23607** |
| **Norfolk cases:** | | **Clerk, U.S. District Court**<br>**600 Granby Street**<br>**Norfolk, VA 23510** |

4. **INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER**

5. **ENCLOSE THIS COUPON TO ENSURE PROPER and PROMPT APPLICATION OF PAYMENT**

9